FILED
Clerk's Office
USDC, Mass.
Date 8/18/04
By _____
Deputy Clerk

SEALED



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 30, 2004

A. John Pappalardo, Esq.
Evan Georgopoulos, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

    Re:  <u>United States v. Michael McCormack</u>
          Crim. No. 04-10127-NG

Dear Mr. Pappalardo:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Michael McCormack ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

At a time mutually convenient to the parties and the Court, but in no event later than January 14, 2005, Defendant shall plead guilty to Counts One, Two, Four, and Five of the above Indictment. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in those counts of the Indictment, and is in fact guilty of those offenses. The U.S. Attorney agrees to dismiss without prejudice Count Three of the indictment thirty days after Defendant has been sentenced. Defendant understands and agrees that the U.S. Attorney reserves the right to reinstate Count Three of the indictment if Defendant fails to comply with his obligations as described in paragraph 6 below.

24

2.  Penalties

Defendant faces the following minimum mandatory and maximum penalties:

Court 1 (Conspiracy - 18 USC 371)

- 5 years imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment.

Court 2 (Arson - 18 USC 844(i))

- 20 years' imprisonment with a mandatory minimum of 5 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment;

Court 4 (Unregistered destructive device - 26 USC 5861(f))

- 10 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment

Court 5 (ITAR - 18 USC 1952(a)(3))

- 20 years' imprisonment;
- a fine of $250,000;
- 3 years of supervised release; and
- a $100 mandatory special assessment

3.  Sentencing Guidelines

The parties agree that pursuant to U.S.S.G. §§ 5G1.1(b), 2K1.4(a)(2), 2E1.2(a)(2), 2X1.1(a), 2X1.1(b)(2), and 2K2.1(a)(5), the guideline sentence in this case is the minimum term of imprisonment required by statute, i.e., 5 years' imprisonment pursuant to 18 USC 844(i).

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

2

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; and/or

    (j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.  Sentence Recommendation

The parties agree to recommend the following sentence before the District Court:

    (a)  5 years' imprisonment;

    (b)  a $5,000 fine unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (e)  a mandatory special assessment of $400; and

    (f)  3 years' supervised release.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Cooperation

    a.  Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely

any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

      b.    <u>Witness Security Program</u>

The Government and Defendant recognize that Defendant's cooperation pursuant to this Agreement may pose a threat to the life and safety of Defendant. Following Defendant's plea of guilty to the charges set forth in paragraph 1 and provided that defendant has not otherwise breached this Agreement, the U.S. Attorney agrees to sponsor Defendant for the Witness Security Program and recommend that Defendant be placed in a protected facility run by the Bureau of Prisons. Defendant's continued participation in the Witness Security Program and continued housing in a protected facility operated by the Bureau of Prisons is contingent upon Defendant's full compliance with the provisions of this Agreement in their entirety, including but not limited to those set forth in paragraph 6(a) above. The final determination of whether Defendant is housed in a protected facility run by the Bureau of Prisons as well as decisions concerning the location and conditions of his confinement will be made by the Bureau of Prisons. The determination whether Defendant has fully complied with paragraph 6(a) above rests solely in the discretion of the U.S. Attorney and is not subject

to appeal or review. The final determination of whether Defendant will be admitted into the Witness Security Program and all decisions relating to other aspects of Defendant's admission to and participation in the Witness Security Program will be made by representatives of the Department of Justice and its agencies (other than the U.S. Attorney's Office). Defendant acknowledges that the U.S. Attorney does not have the power or decision-making authority to admit Defendant into the Witness Security Program or to determine where he is housed by the Bureau of Prisons.

     c.    <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated March 23, 2004 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

     7.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not

binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any

grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated March 23, 2004 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12.   Complete Agreement

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated March 23, 2004. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated March 23, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the

Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Fred M. Wyshak, Jr.

                                  Very truly yours,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By: _____
     JAMES B. FARMER
     Assistant U.S. Attorney
     Chief,
     Criminal Division

     STEPHEN P. HEYMANN
     Assistant U.S. Attorney
     Deputy Chief,
     Criminal Division

     FRED M. WYSHAK, JR.
     Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Michael McCormack
Defendant

Date: 8-17-04

I certify that Michael McCormack has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

John Pappalardo, Esq.
Evan Georgopoulos, Esq.
Attorneys for Defendant

Date: 8/17/04